■ NEW YORK AND SUBURBAN FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v INTER-ISLAND MORTGAGEE CORP. et al., Appellants.—In an action *inter alia* to replevy certain mortgage loan documents held by defendants, as plaintiff's servicer, defendants appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Richmond County, dated June 6, 1975, as (1) dismissed their counterclaim for damages and (2) denied that part of their cross motion which sought a change of venue. Order and judgment affirmed insofar as appealed from, with $50 costs and disbursements. On May 1, 1969 plaintiff and defendant Inter-Island Mortgagee Corp. (predecessor of defendant Continental Management, Inc.) executed a servicing contract which, *inter alia,* provided that plaintiff, the purchaser, could terminate the contract after the fifth year, without cause and without penalty. (An earlier termination would require the payment of a stated penalty.) It is defendants' prime contention that each subsequent servicing arrangement started a new five-year period. This contention is belied by letters of confirmation, signed by the parties, which refer to the original servicing contract only with respect to the calculation of a fee. The original servicing contract was drawn by the defendant Inter-Island Mortgagee Corp. and, if there be any ambiguity in a written instrument, it should be resolved against its author (see *Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386, 389–391). Once a contract expires, the rights and obligations of the parties must be inferred from their subsequent conduct *(New York Tel. Co. v Jamestown Tel. Corp.,* 282 NY 365, 371). Defendants offer no substantiation of their claim that the parties,

by their conduct, intended that if subsequent mortgage servicing agreements were terminated sooner than five years after such servicing began, then the penalty stipulated in the expired contract would apply. We also find no merit in defendants' contention with respect to venue. Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.